**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 07-095S** |
| | : | |
| **ONECIMO GONZALEZ-VICTORINO** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

## Introduction

The defendant submitted a sentencing memorandum to the Court on November 30, 2007 arguing in support of the imposition of a sentence below the guideline range based upon the factors set forth in 18 U.S.C. § 3553. The defendant's arguments in favor of mitigation are without merit. The government is, therefore, requesting that the Court deny the relief requested by defendant and impose a sentence within the guideline range, which in this case would be between 41 to 51 months.

## Facts and Travel

On June 27, 2007, a federal grand jury returned an indictment against the defendant, charging him with illegally reentering the United States after previously having been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The defendant then appeared before the Court on August 28, 2007 and pled guilty to the single count of that indictment. The matter is now scheduled for a sentencing hearing on December 7, 2007.

**Argument**

The defendant urges the Court to impose a sentence below the guideline range based upon the application of the sentencing factors set forth in 18 U.S.C. § 3553(a). Although the Court must and should take those statutory factors into account, the Court should first consider the guidelines sentencing range. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Those guidelines, in fact, remain an important consideration in the sentencing analysis since they alone represent an integration of the sentencing factors set forth in § 3553(a), reflect past practice, and bear the imprimatur of the Sentencing Commission. United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006).

Furthermore, the guidelines generally reflect both Congressional intent and a rough approximation of sentences that might achieve the § 3553(a) factors. Rita v. United States, 127 S.Ct. 2456, 2464-65 (2007). In particular, the guidelines, along with the decisions of the United States Sentencing Commission, are the vehicle to promote national sentencing uniformity and fairness, thereby avoiding the problem of unwarranted sentence disparities between similarly situated defendants across the nation. United States v. Tom, 504 F.3d 89, 94-95 (1st Cir. 2007); 18 U.S.C. § 3553(a)(6).

Here, the guidelines call for the imposition of a sentence between 41 to 51 months, a range that is entirely consistent with any application of the § 3553(a) factors to the particulars of the offense for which the defendant was convicted, his use of deception and false identities in furtherance of the commission of his crime, the defendant's apparent lack of remorse after having committed the offense[1] and the defendant's criminal history.[2]

---

[1] The government has not yet received a copy of the letter of acceptance of responsibility that defense counsel promised to produce for Probation, and would question the sincerity of any such statement of remorse produced at this late date.

[2] The government will supplement its argument on this point and make a specific sentencing recommendation at the defendant's sentencing hearing on December 7, 2007.

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court reject defendant's sentencing arguments and impose a sentence within the guideline range of 195 to 228 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**Certificate of Service**

I hereby certify that on the 5th day of December, 2007, a copy of the within Government's Response was served by way of the Electronic Case Filing System upon Kevin J. Fitzgerald, Esquire, 10 Weybosset Street, Suite 300, Providence, RI 02903.

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov