**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 07-095S** |
| | : | |
| **ONECIMO GONZALEZ-VICTORINO** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR SENTENCE RECONSIDERATION**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion for Sentence Reconsideration. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**Certificate of Service**

I hereby certify that on the 17th day of December, 2007, a copy of the within Government's Objection was served by way of the Electronic Case Filing System upon Kevin J. Fitzgerald, Esquire, 10 Weybosset Street, Suite 300, Providence, RI 02903.

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 07-095S** |
| | : | |
| **ONECIMO GONZALEZ-VICTORINO** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR SENTENCE RECONSIDERATION**

**Introduction**

The Court, after considering both written and oral arguments by the government and defense counsel, sentenced the defendant on December 7, 2007 to a term of forty-one months incarceration, three years supervised release and a $100 special assessment. Four days later, the defendant filed a motion asking the Court to reopen the sentencing hearing for the purpose of reconsidering his sentence in light of two recent United States Supreme Court opinions. Since no rule nor statute authorizes the requested reopening of the sentencing hearing, and neither of those opinions has a significant substantive impact on the issues that arose during defendant's original sentencing hearing, nor on the sentence ultimately imposed by the Court, the defendant's arguments are without merit and his motion should be denied.

**Argument**

The defendant's motion fails to pass muster on both procedural and substantive grounds. With regard to the procedural failure, the only mechanism for a trial court to correct a previously imposed sentence at this stage of the proceedings is set forth in Rule 35(a) of the Federal Rules of Criminal Procedure. That rule, however, limits the scope of the trial court's corrective authority to situations involving arithmetical, technical or other clear error. It does not allow for the relief sought by the defendant. The proper method for defendant's pursuit of this type of claim is through the appellate process, where the defendant may raise this or any other issue before the First Circuit Court of Appeals.[1]

Even if the defendant is able to overcome the procedural hurdle referenced above, his argument still fails on the substantive merits. The holding of neither of the cases cited by the defendant in support of his motion require this Court to reconsider the sentence imposed in this matter. The Kimbrough case deals primarily with the issue of the crack/powder cocaine ratio, which has little or no impact on the defendant's sentence, since he was convicted of and sentenced for an immigration

[1] The defendant has now, in fact, filed a notice of appeal in this case, which also raises a question as to what, if any, jurisdiction the trial court retains over this matter.

offense. Kimbrough v. United States, ___ S.Ct. ___, 2007 WL 429204 (2007).

Similarly, the Gall case, although not as limited in scope as Kimbrough, does not "greatly impact the sentencing process" in the instant case. In Gall, the Supreme Court reaffirms its previous position on the role of the Sentencing Guidelines in the sentencing process, that is, that despite the fact that they are now advisory, the Guidelines, which are the product of careful study and deliberation, should still serve as a starting point and initial benchmark for the sentencing judge. Gall v. United States, ___ S.Ct. ___, 2007 WL 4292116 (2007). Of course, just like the trial court did in the instant case, the sentencing judge must then consider the factors set forth in 18 U.S.C. § 3553(a) when fashioning an appropriate sentence for the individual defendant before the Court. Id. Since the procedure followed by the Court here fully complies with the sentencing regimen approved by the Supreme Court in Gall, the holding of that case provides no justification for the reopening of the defendant's sentencing hearing.

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny defendant's Motion for Sentence Reconsideration.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**Certificate of Service**

I hereby certify that on the 17th day of December, 2007, a copy of the within Government's Memorandum was served by way of the Electronic Case Filing System upon Kevin J. Fitzgerald, Esquire, 10 Weybosset Street, Suite 300, Providence, RI 02903.

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov